UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MASPETH FEDERAL SAVINGS AND LOAN ASSOCIATION,

Plaintiff,

-against-

MARIYA PINHASOVA, GIUSEPPA CONTI, ISRAEL RUBINSTEIN, OFER RUBINSTEIN, ANDREW J. MARCHESE, CARMEN MARCHESE, ANN FORGIONE, RICHARD FORGIONE, HANNA GOSKI, GEORGE J. GRASSO, MARGIE A. GRASSO, JOSEPH A. FERRARA, JO-ANN FERRARA, NELLY ILYASOV, RUTH M. CUADROS, SANDRA L. WEBER, ANTHONY L. ZIELENSKI, KATHLEEN J. ZIELENSKI, MOLLIE COLASURDO, ALEXANDRA BINYAMIN, NERIK FATTAHOV, MALGORZATA JEMIELITY, ROMAN JEMIELITY, ERIKA ROSSI, MARK NEMETH, MARY ANN MOREA, MICHAEL D. MOREA, YAKOV KAYUMOV, NELYA BABAISAKOVA, HARRY MILES RUUD, MARY ANN AHEARNE, IRENE DENIS, KATARZYNA ROGAN, SVETLANA MULLOKANDOVA, YULIYA MASTUROV, KONSTANTIN YEVINZON, PATRICIA SWINEY, DORIS SWINEY, PETER FAKHLAYEV, CATHERINE DONOVAN, COLLEEN DONOVAN, IRVING GORDON, PAMELA CHADROFF, LUCILLE OFF, ASHIROVE STANISLAV, JAVIER J. ZAPATA, MICHAELYUSPOV, ALEKSANDER PINKHASOV, JADWIGA WYSZETYCKA, MAREK KIYASHKA, YASAYEV YURIY, IGOR BORUKHOV, RACHMIN ABDURACHMANN, ALLA ABDURACHMANNA, VINCENT A. NIZZA, DEBRA A. NIZZA, ANNE BADALAMENTI, ANNEMARIE BADALAMENTI, PLAZA TORAH CENTER CONGREGATION & YESHIVA BAIS

**<u>CORRECTED REPORT AND RECOMMENDATION</u>**

17-CV-723 (CBA)(PK)

YECHESKEL, YVONNE ANGELASTRO, GERARD ANGELASTRO, CHARLENE WEISS, JAE JUL HONG, MYUNG HEE HONG, TOM ARDELJAN, URSULA ROSENHAMMER, RICHARD ROSENHAMMER, HAR-KAY REALTY CORP., ROMAN KATANOV, MEYER YUSUPOV, ZINAIDA YUSUPOV, KAREKIN KOPARANIAN, HILDA KOPARANIAN, FRANCES DIPOMPO, PIKA MULTANI, DOMINICK NAPOLITANO, CELINA NAPOLITANO, WEI ZHAO, PAANAV J. VAKIL, BHAVI VAKIL, SUSAN ACQYASONTA, CARLO ACQUASONTA, BARBARA JERABEK, JAMES M. JERABEK, MARY WALDRON, JOHN WALDRON, JAMES MAKIN, DEBORAH A. MAKIN, JOSE L. SOTO, BIANCA MIHAI, TERESA PSZENICZNY, HERMAN R. BERKOWITZ, FREDERICK A. SUZEL, JR., MATTHEW GANIARIS, JOYCE MCDONOUGH, HOK MING LEE, CHUI PING LEE, ALEXANDER COHEN, JOHN M. JORGENSEN, EDWARD HOVNANIAN, GRETA HOVNANIAN, KAMAL M. DARWISH, ANGELO SOLLECITO, SELENA ZHANG, MADELYN PFISTER, JULIA HELLEN DIB, CARMEN GALINDO-MOLINA, RUBEN MOLINA, LUCIANA LEVI, YUBOV YAMPOLSKY, ILYA KESSELMAN, CATHYANN TULLY, ALBERT YAKUBOV, KARPIS DEMIRCHYAN, TAGUI DEMIRCHYAN, ROMAN BABADZHANOV, IRINA DZHURAYEV, MOSSAD AZIZ, JOANNE R. MUGNO, MICHAEL MUGNO EDWARD JACKOWSKI and MARY JACKOWSKI,

Defendants.

---------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

Maspeth Federal Savings and Loan Association ("Maspeth") brought this interpleader action against 122 individuals ("Defendants") who lost much of contents of their safe deposit boxes when Maspeth's Rego Park branch was burglarized. (*See* Third Am. Compl. ¶ 132, Dkt. 332.) Maspeth was able to recover $588,325 in cash from the floor of the vault (the "Recovered Currency") and requested that the Court enter an order setting forth how the Recovered Currency should be distributed. (*Id.* at 14, 16.)

Maspeth deposited the Recovered Currency with the Court, and it was discharged from further liability in this case. Defendants agreed to a *pro rata* distribution of the Recovered Currency. (*See* Joint Status Report ¶ 1, Dkt. 351.) The Court directed each Defendant to file an affidavit on the docket by June 30, 2018 "indicating the amount he or she claims to have stored in his or her safe deposit box at the time of the theft." (June 6, 2018 Order.) A total of 40 Defendants (or sets of Defendants) filed affidavits by the deadline, claiming a total of $3,866,779.14. (*See* Dkts. 364, 366, 368, 369, 372, 384, 385, 386, 387, 388, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 432, 433, 437, 438.)

The determination of how the Recovered Currency should be distributed has been referred to the undersigned by the Honorable Carol Bagley Amon for report and recommendation. (July 5, 2018 Order.) For the reasons stated herein, the undersigned respectfully recommends that the Recovered Currency be distributed in accordance with the calculations set forth below.

## DISCUSSION

### A. *Pro Rata* Distribution of Assets

The caselaw in the Second Circuit on *pro rata* distribution of assets has generally focused on multi-victim fraud cases. In that context, courts have reasoned that "[w]hen investors' assets are commingled and the recoverable assets in a receivership are insufficient to fully repay the investors, 'equality is equity.'" *S.E.C. v. McGinn, Smith & Co., Inc.*, No. 10-cv-457, 2016 WL 6459795, at *3

(N.D.N.Y. October 31, 2016) (quoting *SEC v. Wealth Mgmt. LLC*, 628 F. 3d 323, 327, 334 (7th Cir. 2010)).

Two factors must be satisfied to implement a *pro rata* distribution in such cases. "First, investors' funds must have been commingled. Second, the victims must be similarly situated 'with respect to their relationship to the defrauders.'" *S.E.C. v. Byers*, 637 F. Supp. 2d 166, 177 (S.D.N.Y. 2009) (quoting *S.E.C. v. Credit Bancorp, Ltd.*, 290 F. 3d 80, 88-89 (2d Cir. 2002)). Courts have interpreted the first of these requirements liberally, holding that "any commingling is enough to warrant all the funds as tainted." *Byers,* 637 F. Supp. 2d at 177 (citing *United States v. Garcia*, 37 F. 3d 1359, 1365–66 (9th Cir. 1994)). As to the second requirement, courts have found that victims "need not be identical, but there should be a reasonably close resemblance of facts and circumstances." *Byers*, 637 F. Supp. 2d at 179-80.

Here, Defendants are victims of a situation analogous to fraud. Defendants' funds were literally commingled on the floor of the vault, and there is no way of knowing which Defendants "are entitled to the Recovered Currency and/or the amount, if any, to which each Defendant is entitled." (*See* Third Am. Compl. ¶136.) In addition, because Defendants are all Maspeth clients whose safety deposit boxes were affected during the same burglary, they are similarly situated as to both Maspeth and the burglars. (*See*, *e.g.*, Third Am. Compl. ¶ 132.)

Accordingly, the undersigned finds that the *pro rata* distribution of the Recovered Currency is appropriate.

**B. *Pro Rata* Distribution of the Recovered Currency**

Although Maspeth recovered $588,325 in cash from the floor of the vault, Defendants' sworn affidavits indicate a total loss of $3,866,779.14. Each claiming Defendant can therefore recover only approximately 15.2148591% of the amount claimed on each affidavit (588,325 ÷ 3,866,779.14). The undersigned has calculated the *pro rata* share for each claiming Defendant, as

shown on the chart below, and recommends that the Recovered Currency be distributed in accordance with Column IV of the chart.

| ***Pro Rata* Distribution of the Recovered Currency** | | | |
|---|---|---|---|
| **I. Defendant** | **II. Amount claimed in the affidavits** | **III. *Pro Rata* Share of Total Claimed Amount[1]** | **IV. Recommended *Pro Rata* Distribution[2]** |
| 1. Aburachmahov, Rachmin (identified as "Rachmin Abdurachmann" in the Third Amended Compl.) | $10,000.00 | 0.00258613 | $1,521.49 |
| 2. Ardeljan, Tom | $170,000.00 | 0.04396424 | $25,865.26 |
| 3. Aziz, Mossad | $900,000.00 | 0.23275185 | $136,933.72 |
| 4. Babadzhanov, Roman | $30,000.00 | 0.0077584 | $4,564.46 |
| 5. Borukhov, Igor | $75,726.00 | 0.01958374 | $11,521.60 |
| 6. Demirchyan, Karpis | $20,000.14 | 0.0051723 | $3,042.99 |
| 7. Dipompo, Frances | $70,000.00 | 0.01810292 | $10,650.40 |
| 8. Donovan, Catherine and Tully, Cathyann | $100,000.00 | 0.02586132 | $15,214.86 |
| 9. Dzhurayev, Irina | $118,053.00 | 0.03053006 | $17,961.60 |
| 10. Fakhlayev, Peter | $45,000.00 | 0.01163759 | $6,846.69 |
| 11. Ferrara, Joseph A. | $200,600.00 | 0.0518778 | $30,521.01 |
| 12. Ganiaris, Matthew | $3,400.00 | 0.00087928 | $517.31 |
| 13. Gordon, Irving | $80,000.00 | 0.02068905 | $12,171.89 |
| 14. Hovnanian, Edward | $14,000.00 | 0.00362058 | $2,130.08 |
| 15. Jemielity, Roman | $15,000.00 | 0.0038792 | $2,282.23 |
| 16. Katanov, Roman | $400,000.00 | 0.10344527 | $60,859.44 |
| 17. Kesselman, Ilya and Yampolsky, Lyubov | $150,000.00 | 0.03879198 | $22,822.29 |
| 18. Koparanian, Hilda | $125,000.00 | 0.03232665 | $19,018.57 |
| 19. Masturov, Yuliya | $55,000.00 | 0.01422372 | $8,368.17 |
| 20. Mihai, Bianca | $200,000.00 | 0.05172263 | $30,429.72 |
| 21. Morea, Mary Ann and Michael D. | $13,000.00 | 0.00336197 | $1,977.93 |
| 22. Mugno, Joanne R. | $30,000.00 | 0.0077584 | $4,564.46 |
| 23. Multani, Pika | $75,000.00 | 0.01939599 | $11,411.14 |
| 24. Napolitano, Dominick and Celina | $75,000.00 | 0.01939599 | $11,411.14 |
| 25. Nizza, Vincent | $38,000.00 | 0.0098273 | $5,781.65 |

[1] Column III = Column II ÷ 3,866,779.14 (total amount claimed in the affidavits).
[2] This amount was calculated by multiplying each Defendant's *pro rata* share by the amount of Recovered Currency ($588,325) (Column IV = Column III x 588,325). After rounding the decimals to cents, the total adds up to $588,325.01. The additional cent was subtracted from Defendant Mossad Aziz, who claimed the highest amount.

| | | | |
|---|---|---|---|
| 26. Plaza Torah Center Congregation & Yeshiva Bais Yecheskel | $235,000.00 | 0.06077409 | $35,754.92 |
| 27. Rogan, Katarzyna | $20,000.00 | 0.00517226 | $3,042.97 |
| 28. Rubinstein, Israel | $45,000.00 | 0.01163759 | $6,846.69 |
| 29. Ruud, Harry | $80,000.00 | 0.02068905 | $12,171.89 |
| 30. Sollecito, Angelo | $16,000.00 | 0.00413781 | $2,434.38 |
| 31. Suzel, Frederick A. | $30,000.00 | 0.0077584 | $4,564.46 |
| 32. Yevinzon, Konstantin | $8,000.00 | 0.00206891 | $1,217.19 |
| 33. Yusupov, Meyer | $150,000.00 | 0.03879198 | $22,822.29 |
| 34. Yusupov, Michael | $210,000.00 | 0.05430877 | $31,951.20 |
| 35. Weber, Sandra L. | $20,000.00 | 0.00517226 | $3,042.97 |
| 36. Weiss, Charlene | $40,000.00 | 0.01034453 | $6,085.94 |
| **Total** | $3,866,779.14 | 100% | $588,325 |

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that the Recovered Currency be distributed in accordance with the calculations set forth in this Corrected Report and Recommendation.

Any written objections to this Corrected Report and Recommendation must be filed within 14 days of the date of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Corrected Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York

January 10, 2019